FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 19 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

THOMAS GESUALDI and FRANK FINKEL, as
Trustees of Local 282 International Brotherhood of
Teamsters Welfare, Pension, Annuity, Job Training
And Vacation Sick Leave Trust Funds,

                Plaintiffs,

-against-

HARDIN CONTRACTING, INC. and DINO
HARRISON,

                Defendants.
----------------------------------------------------------X

09-cv-2660 (ARR) (JMA)

NOT FOR PRINT
OR ELECTRONIC
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

The court has received the Amended Report and Recommendation ("Amended R&R") on the instant case dated February 12, 2010 from the Honorable Joan M. Azrack, United States Magistrate Judge. Plaintiffs have timely filed limited objections, dated February 26, 2010. ("Objection Letter," Dkt. No. 12.) Plaintiffs have also alerted the court to payment received from one of the defendants in this litigation since the issuance of the Amended R&R. (Letter from Avram Schreiber, Feb. 26, 2010, Dkt. No. 13; Schreiber Amended Affirmation ¶ 44.) Following a *de novo* review of those portions of the Amended R&R which are specifically addressed in the plaintiffs' objections, this court adopts the Amended Report and Recommendation as the Decision and Order of this Court, with the following modifications.

## DISCUSSION

A. <u>Attorneys' Fees</u>

Based on Plaintiffs' February 26, 2010 Objection Letter, plaintiffs' primary objection is to Judge Azrack's determination of attorneys' fees. Plaintiffs originally requested $6,782.00 in attorneys' fees, representing 30.60 hours billed at $300 per hour and $80 per hour for paralegal and non-legal services. Amended R&R at 10. While Judge Azrack found the hourly rates requested reasonable, she found the 30 hours expended disproportionate to "this straightforward and routine ERISA matter." Judge Azrack also found that the hours expended were "excessive in light of the boilerplate complaint, the numerous typographical errors, and the inconsistencies throughout plaintiffs' submissions," including inconsistencies in the calculation of interest. Amended R&R at 10. Specifically, Judge Azrack found that plaintiffs' counsel "summarizes his requested relief with damage amounts that bear no relevance to this action, he utilizes irrelevant dates, lists liquidated damages and attorneys' fees that are thousands of dollars off from the previously cited damages, and requests, for the first time, recovery of untimely contributions' principal." Amended R&R at 10-11.

Plaintiffs' counsel first tries to clarify the methodology behind the submitted interest calculations in Paragraph 45 of the original affirmation that Judge Azrack found troubling. Amended R&R at 8 (citing Plaintiffs' Affirmation, Dkt. No. 5.) Plaintiffs' counsel states that the figures used in interest calculations in paragraph 45 of the original affirmation were given in cents per day (.96, .33, and .90), not percentages. While this may be true, given that interest is generally calculated as a percentage, percentage amounts were used in all previous paragraphs, and no dollar sign was used to note a difference in the methodology in the cited paragraph, plaintiffs' counsel can hardly fault Judge Azrack from questioning the methodology employed.

With respect to Judge Azrack's finding of inconsistencies in plaintiffs' summarized requested relief, plaintiffs' counsel acknowledges errors in the submission, but suggests that the court could have searched the exhibits or contacted him to make corrections. Considerations of efficiency and fairness, however, militate in favor of a full, complete, and correct submission for the Magistrate Judge's consideration, and plaintiffs' counsel cannot object to the Magistrate Judge's finding that the inconsistencies and errors warranted a reduction in attorneys' fees. As Judge Azrack stated, the court must assess "the value of the work product of the particular expenditures to the client's case." Amended R&R at 9 (citing Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998)).

Finally, plaintiffs' counsel contests the Magistrate Judge's finding that the instant case was a "straightforward and routine ERISA matter," and that hours expended on drafting affirmations were "excessive in light of the boilerplate complaint, the numerous typographical errors, and the inconsistencies . . . ." Amended R&R at 10. Plaintiffs' counsel first states that this matter involved both a claim against a corporation and an individual, with different amounts for each defendant. (Objection Letter at 3.) Plaintiffs' counsel also states that the billing statement did not contain any charge for drafting the complaint, and thus the Magistrate Judges' use of the "boilerplate" nature of the complaint should not have been used to reduce the attorneys' fee award. (Schreiber Affirmation ¶ 47; Ex. EE.) Plaintiffs' counsel is correct that the billing statement did not contain any reference to the drafting of the complaint. Given that Judge Azrack relied on other faults with plaintiffs' submissions, however, I find that the thirty percent reduction in the total fee request was appropriate.

In his Amended Affirmation filed on March 9, 2010, plaintiffs' counsel submitted a billing statement current through March 2010, with attorneys' fees of $10,556.00. However,

plaintiffs' counsel made no reference to the increase in attorneys' fees in his February 26, 2010 Objection Letter, or the letter informing the court of defendants' payment, and thus, the relevant billing statement remains the one submitted with the Affirmation dated November 18, 2009. Accordingly, I adopt the Amended R&R with respect to Judge Azrack's recommendation to award attorneys' fees in the amount of $4,747.40.

### B. Defendants' February 26, 2010 Payment

Plaintiffs acknowledge that defendants made a payment on February 26, 2010 in the sum of $6,400.00. (Schreiber Amended Affirmation ¶ 44.) It was agreed between the parties that this payment would be used to pay the principal of the bounced checks, the bounced check fee, and interest relating to the bounced check. (Schreiber Amended Affirmation ¶ 44.) Plaintiffs state that as a result of the payment, they seek to withdraw without prejudice the claims asserted pursuant to the sixth and seventh causes of action in the Complaint. However, allegations in the complaint pertaining to liability were deemed admitted upon the entry of default judgment. See Credit Lyonnais Sec., Inc. v. Alcantra, 183 F.3d 151, 155 (2d Cir. 1999). The issue before the Magistrate Judge was limited to damages. Id. Accordingly, rather than withdraw claims at this time, the $6,400 paid by defendants on February 26, 2010 is deducted from the amount of damages recommended by Judge Azrack in the Amended R&R. The $6,400.00 shall be deemed to have paid the unpaid principal amount of $4,398.80, the bounced check fee of $450, and $1,551.20 of interest. Accordingly, judgment against defendants shall be entered in the amount of $21,297.32. This award reflects the remaining interest, $1,647.50, liquidated damages in the amount of $14,302.42, $4,747.40 in attorneys' fees, and $600 in costs.

## CONCLUSION

For the reasons set forth above, I adopt Magistrate Judge Azrack's Amended Report and Recommendation, dated February 12, 2010, with the abovementioned modifications, as the opinion of the Court. See 28 U.S.C. § 636(b)(1). The Clerk of Court is directed to enter judgment in favor of plaintiffs and against defendants in the amount of $21,297.32.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: March 18, 2010
Brooklyn, New York

**Service List**

Attorney for Plaintiffs:
Avram H. Schreiber
40 Exchange Place, Suite 1300
New York, NY 10005


Cc: Magistrate Judge Azrack